UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRANDON SOTO

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

25-CV-1910 (PMH)

20-CR-0626-9 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Movant Brandon Soto, currently incarcerated at USP McCreary in Pine Knot, Kentucky, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in *United States v. Soto*, No. 20-CR-0626-9 (PMH) (S.D.N.Y. Feb. 23, 2024). For the reasons set forth below, the Court denies the motion.

**STANDARD OF REVIEW**

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## **DISCUSSION**

On February 23, 2024, Movant's judgment of conviction, in which he pleaded guilty to racketeering conspiracy, 18 U.S.C. § 1962(d), transferring a handgun to a juvenile, 18 U.S.C. § 922(x)(1)(A), and conspiracy to commit arson, 18 U.S.C. § 371, was entered. *See United States v. Soto*, ECF 7:20-CR-0626, 832 (S.D.N.Y. Feb. 23, 2024). He appealed his judgment of conviction to the United States Court of Appeals for the Second Circuit, and that appeal is pending. *See United States v. Soto*, No. 24-647 (2d Cir.). Accordingly, the Court declines to address the merits of Soto's Section 2255 motion because of his pending direct appeal.

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity," *Outen*, 286 F.3d at 632; *see* Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Soto has a pending direct appeal before the Second Circuit, this Section 2255 motion is premature. The Court denies the Section 2255 motion without prejudice to Soto's refiling it after disposition of the direct appeal, should relief still be necessary.

## **CONCLUSION**

The Court denies without prejudice the motion brought under 28 U.S.C. § 2255, as prematurely filed. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002).

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   White Plains, New York
    March 19, 2025

                _____
                PHILIP M. HALPERN
                United States District Judge